**Arthur Martin KIWANUKA, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 03–2251.

United States Court of Appeals,
Seventh Circuit.

Argued July 7, 2004.

Decided Oct. 8, 2004.

Lawson A. Waturuocha, St. Paul, MN, for Petitioner.

George P. Katsivalis, Department of Homeland Security Office of the District Counsel, Chicago, IL, Emily A. Radford, Department of Justice Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before CUDAHY, COFFEY, and ROVNER, Circuit Judges.

### ORDER

Arthur Kiwanuka arrived in the United States from Uganda in 1991 and applied for asylum as a political dissident. His application was denied in 1995, and that denial was upheld by the Board of Immigration Appeals in 2001. He then asked

the BIA to reopen the proceedings because of changed conditions—he had been diagnosed with HIV and feared ostracism and inadequate medical care in Uganda. The BIA denied his request, reasoning that although Kiwanuka's personal circumstances had changed, he had not shown a change in country conditions as required under 8 C.F.R. § 1003.2(c)(3)(ii). Kiwanuka petitioned for review of the BIA's decision.

Soon after filing his petition, Kiwanuka moved this court for a stay of removal. We denied that motion, presumably because of the case's questionable merits, *see Sofinet v. INS*, 188 F.3d 703, 706–07 (7th Cir.1999) (a movant seeking a discretionary stay of deportation must show some likelihood of success on the merits), and Kiwanuka was returned to Uganda.

The government now points out that under the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), § 309, Pub. L. 104–208, 110 Stat. 3009 (Sept. 30, 1996)—applicable to Kiwanuka because his deportation proceedings were begun before 1996—an alien's departure from the United States (by deportation or otherwise) deprives this court of jurisdiction to review his order of deportation. *See Sofinet*, 188 F.3d at 708. Kiwanuka responds that he is not asking us to review an order of deportation, but rather the denial of his motion to reopen. But for purposes of the INA's jurisdiction-stripping provisions, "orders of deportation" include orders denying motions to reopen. *See Chow v. INS*, 113 F.3d 659, 663–64 (7th Cir.1997), *abrogated on other grounds by LaGuerre v. Reno*, 164 F.3d 1035 (7th Cir.1998). We

therefore agree with the government that we lack jurisdiction over this case.

DISMISSED.